UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS(SPx) | Date | November 20, 2017 |
| Title | TRACI J. PRIEST ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Sayeh Khoei | Timothy Biche, AUSA |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM (dkt. 11, Filed October 23, 2017)

## I. INTRODUCTION

On July 12, 2016, plaintiffs Traci Priest and David Priest filed a complaint against defendants United States of America (the "United States") and United States Department of Agriculture Forest Service (the "Forest Service").[1] Dkt. 1 ("Compl."). Plaintiffs assert claims for negligence and loss of consortium stemming from personal injuries that Traci Priest allegedly suffered in the parking lot of a visitor center.

On October 23, 2017, the United States filed the instant motion to dismiss. Dkt. 11 ("MTD"). On October 30, 2017, plaintiffs filed their opposition, dkt. 12 ("Opp'n"), and on November 6, 2017, the United States filed its reply, dkt. 13 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts.

On or about June 7, 2014, Traci Priest was a passenger on a bus that arrived at Grassy Hollow Park and Visitor Center on Angeles Crest Highway in Wrightwood, California ("the premises"). Compl. ¶ 6. Plaintiffs allege that the United States constructed, managed, inspected, and operated the premises. Id. ¶ 5. The bus driver was directed to park the bus in a particular location on the premises, and plaintiffs allege that

---

[1] Plaintiffs agree to voluntary dismissal of the Forest Service. See Opp'n at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS(SPx) | Date | November 20, 2017 |
| Title | TRACI J. PRIEST ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

"it was known that the bus was carrying passengers who, once the bus parked, would be required to disembark the bus." Id. ¶ 6. Plaintiffs allege that a dangerous condition existed on the premises because the surface upon which passengers disembarked was in a state of disrepair.[2] Id.

Plaintiffs further allege that the United States, through its employees and agents, negligently maintained and operated the parking lot. Id. ¶ 7. When Traci Priest disembarked from the bus, the dangerous condition caused her to sustain injuries to her foot and ankle. Id. Plaintiffs allege that, as a proximate cause of the United States' negligence, Traci Priest was injured insofar as she sustained bodily injuries and injury to her nervous system. Id. ¶ 9. These injuries have caused and continue to cause Traci Priest mental, physical, nervous pain, in addition to mental anguish, fright, humiliation, and emotional trauma. Id. ¶¶ 9, 11. Traci Priest has incurred and will incur future medical expenses in the examination, care, and treatment of her injuries that include "serious injuries to her foot and ankle, requiring surgery." Id. ¶ 10. Plaintiffs further allege that Traci Priest, as a result of these injuries, is unable to pursue her vocation and suffers from a loss of earnings and a loss of earning capacity. Id. ¶ 12.

Plaintiffs allege that David Priest is the husband of Traci Priest, and as a direct result of the United States' negligence, he has suffered a loss of his wife's love, comfort, companionship, affections, society, solace, moral support, and physical assistance in the operation and maintenance of the family home. Id. ¶ 16.

Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. section 1436(b) because their claims are founded upon the filing of a Federal Tort Claim pursuant to 28 U.S.C. section 2671(b).

## III. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242

---

[2] Plaintiffs allege that this state of disrepair included "pot hole, unevenness, loose gravel, and slippery substances." Compl. ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS(SPx) | Date | November 20, 2017 |
| Title | TRACI J. PRIEST ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

(9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV.   DISCUSSION

As an initial matter, the United States contends that the Court should dismiss plaintiffs' claims against the Forest Service because an individual agency is not a proper party to a Federal Tort Claim Act ("FTCA") action. MTD at 3–4. Plaintiffs consent to the dismissal of the Forest Service. Opp'n at 6.

The United States further argues that plaintiffs fail to adequately allege facts sufficient to establish that it owed Traci Priest any legal duty insofar as plaintiffs fail to include *any* allegations regarding duty. Id. at 4–5. Second, it argues that plaintiffs fail to allege sufficient facts regarding how the parking lot was in a state of disrepair, or what actions by what actors caused the alleged condition. Id. at 5. The United States argues that plaintiffs' allegations prevent it from accurately evaluating potential defenses to the negligence claim. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS(SPx) | Date | November 20, 2017 |
| Title | TRACI J. PRIEST ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

With respect to David Priest's loss of consortium claim, the United States argues that because plaintiffs fail to state a claim for negligence, this claim fails as a matter of law. Id. at 6. Second, it contends that plaintiffs fail to allege specific facts about how David Priest has suffered a loss of consortium, and that plaintiffs have instead recited the general elements of a loss of consortium. Id.

In opposition, plaintiffs argue that general negligence principles govern the liability of landowners and those who manage property, and accordingly, premises liability is a form of negligence in which the manager has a duty to exercise ordinary care in the management of the premises. Opp'n at 7. They argue that negligence can be alleged in general terms, and that they properly alleged the duty of the United States by alleging that it "constructed, designed, managed, maintained, modified, repaired, inspected and/or operated the premises." Id. Moreover, they contend that the Complaint includes sufficient allegations to demonstrate breach. Id. at 8. With respect to David Priest's loss of consortium claim, plaintiffs contend that the Complaint includes "each element required to state a cause of action." Id. at 9.

In reply, the United States argues that the complaint is devoid of factual allegations, which hinders its ability to analyze and plead its defenses to plaintiffs' claims. Reply at 3. Plaintiffs fail to give adequate notice of the conduct for which they seek to hold the United States liable. Id. at 4. For example, the United States does not know whether plaintiffs assert negligence on behalf of the unidentified bus driver, or the person who directed the bus to park in a particular location. Id. Accordingly, it does not know whether plaintiffs' claim may be subject to FTCA defenses such as the independent contractor or discretionary function exceptions.

The FTCA provides a limited waiver of sovereign immunity. United States v. Orleans, 425 U.S. 807, 813 (1976). The Act makes the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. Id. Specifically, the United States may be liable "in the same manner and to the same extent as a private individual under like circumstances." United States v. Olson, 546 U.S. 43, 46–47 (2005) (quoting 28 U.S.C. § 2674); see also 28 U.S.C. § 1346(b)(1)1. "Liability is determined by the tort law of the state where the claim arose." Gasho v. United States, 39 F.3d 1420, 1427 (9th Cir. 1994); see 28 U.S.C. § 1346(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS(SPx) | Date | November 20, 2017 |
| Title | TRACI J. PRIEST ET AL. v. UNITED STATES OF AMERICA ET AL. | | |

The elements of a cause of action for negligence in California are: (1) a legal duty to use due care; (2) a breach of that legal duty; and (3) the breach was the proximate or legal cause of the resulting injury." Ladd v. Cnty. of San Mateo, 12 Cal.4th 913, 917–18, (1996). The Court concludes that plaintiffs have not adequately alleged a legal duty to use due care. Merely alleging that the United States "constructed, designed, managed, maintained, modified, repaired, inspected and/or operated the premises" does not explicitly allege what duty was owed to plaintiffs. See Romero v. Superior Court, 89 Cal. App. 4th 1068, 1078 (2001) ("Absent a legal duty, any injury is an injury without actionable wrong.") Moreover, it is unclear whether plaintiffs' allegations demonstrating breach are premised on the actions of the bus driver, or the individual who directed the bus driver to the area of the lot that was allegedly negligently maintained, or the actions of the United States as caretaker of the parking lot. The United States is properly entitled to know whether it can assert certain defenses unique to FTCA claims. Without sufficient allegations to demonstrate the first and second elements of plaintiffs' claim for negligence, plaintiffs' claims for negligence and loss of consortium fail. Accordingly, the Court **GRANTS** without prejudice the United States' motion to dismiss.

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the United States' motion to dismiss. Plaintiffs shall have **fourteen (14) days** from the date of this order, up to and including **December 4, 2017**, to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |