| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Lisa Gonzalez | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Timothy Biche, AUSA | |

**Proceedings:** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. [ 43 ], filed on May 13, 2019)

## I.  INTRODUCTION

On July 12, 2016, plaintiff Traci J. Priest ("Priest") filed this action against defendant United States of America (the "United States"). Dkt. 1. On February 9, 2018, plaintiff filed the operative Second Amended Complaint. Dkt. 23 ("SAC").[1] Plaintiff asserts claims for negligence stemming from personal injuries that she allegedly suffered when she disembarked from a bus parked in the parking lot of the Grassy Hollow Park and Visitor Center. See generally id.

Defendant filed the instant motion for summary judgment on May 13, 2019, along with supporting declarations and a statement of uncontroverted facts. Dkt. 43 ("Mot."); dkt. 43-3 ("SUF"). Plaintiff filed an opposition brief on June 24, 2019, along with a statement of disputed and undisputed facts and evidentiary objections. Dkt. 49-2 ("Opp'n"); dkt. 49-3 ("SDF"). Defendant filed a reply on July 1, 2019. Dkt. 50 ("Reply").

---

[1] Plaintiff consented to dismiss her claim against the United States Department of Agriculture Forest Service because an individual agency is not a proper party to a Federal Tort Claim Act action. Dkt. 14 at 3. The parties also stipulated to dismiss, with prejudice, plaintiff's husband's claim for loss of consortium. See Dkt. 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

The Court held a hearing on July 15, 2019. Counsel for plaintiff failed to appear. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the Court references only facts that are uncontroverted and as to which evidentiary objections have been overruled.

Grassy Hollow is a visitor center in the Angeles National Forest, located west of the town of Wrightwood, California, which is owned by defendant. SUF ¶ 1. Volunteers from the community offer a program for local schools at the Grassy Hollow Visitor Center (the "School Program"). Id. ¶ 2. The program has been in existence since 1999, and students who come to Grassy Hollow to participate in the School Program participate in three educational nature activities: a nature hike, a "Hug-a-Tree" presentation, and a discussion on local animal life. Id. ¶¶ 2, 4. After completing all three activities, students generally picnic in a designated area. Id. ¶ 9. The School Program is not advertised, and neither the School Program coordinator nor any of the other volunteers invite specific districts, schools, teachers, or individuals to participate in the program. Id. ¶¶ 11–12. Instead, schools sign up to participate in the program by contacting a volunteer who is designated as the School Program coordinator. Id. ¶ 10. There is no fee to participate in the School Program, nor is there a fee to enter the Angeles National Forest or the Grassy Hollow Visitor Center when participating in the School Program. Id. ¶¶ 13–14. School Program participants generally arrive at Grassy Hollow by bus. Id. ¶ 15.

On June 7, 2013, plaintiff fell into a small hole—estimated to be about two to three inches in diameter—as she disembarked from the bus while serving as a chaperone for the Morgan Kincaid Preparatory School's trip to Grassy Hollow as part of the School Program. Id. ¶¶ 18, 23; SDF ¶ 101; Dkt. 49-1, Ex. 1, Deposition of Traci Priest I ("Priest Depo. I") at 32:07–32:23. Plaintiff learned about the trip through a flyer provided by the school. SUF ¶ 19. Plaintiff knew the School

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

Program involved hiking, nature study, and picnicking. Id. ¶ 20.[2] She did not pay a fee to enter the Angeles National Forest or the Visitor Center. Id. ¶ 21.

Plaintiff arrived at Grassy Hollow by bus. Id. ¶ 22. Plaintiff contends, and defendant does not dispute, that the bus was late in arriving at Grassy Hollow, and when the bus arrived, the volunteers told the bus driver to park along the road and to hurry up. SDF ¶ 100. Plaintiff was the last person to disembark from the bus, and when she stepped off the bus, she stepped into a small hole in the dirt and fell down. SUF ¶¶ 23–24. She reports that she did not observe the ground below her before exiting the bus, and no one who disembarked from the bus before plaintiff stepped in a hole or said anything to plaintiff about a hole. Id. ¶¶ 25–26. In her complaint, plaintiff alleges that she sustained "serious injuries" to her foot and ankle when she fell, see SAC ¶ 14, but there is no information in the evidentiary record currently before the Court on the nature or extent of plaintiff's injury.

Linda Dailey, a volunteer who has worked at Grassy Hollow since 2000, could not testify that regular inspections of the parking spaces and dirt at such spaces took place. Id. ¶ 111; Dkt. 43-1, Declaration of Linda Dailey ("Dailey Decl.") ¶ 1. Instead, she testified that volunteers "always eyeball" decks and sidewalks in areas like that. SDF ¶ 111. She further testified that the volunteers were supposed to ensure that, when students and chaperones step off the bus, they step onto asphalt, but the volunteers greeting the busses were not required to warn those disembarking from the busses to watch their step. Id. ¶¶ 105, 110. Plaintiff asserts, and defendant does not appear to contest, that eighty percent of the parking spot where her bus parked abutted dirt. Id. ¶ 106.

Dailey testified that, during her time volunteering at Grassy Hollow, she has never noticed nor been alerted to holes or other potentially hazardous conditions in

---

[2]  While plaintiff states that she disputes this fact in part, she does not contend that she was unaware of the purpose of the trip. Instead, she asserts that she was injured before these activities began. See SDF ¶ 20. In addition, at her deposition, plaintiff testified that she knew that she and the students would engage in hiking, picnicking, and nature study. See Dkt. 43-2, Ex. 1, Deposition of Traci Priest II ("Priest Depo. II") at 22:15–23:11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

the parking area. SUF ¶ 16.³ To date, there are no records of School Program participants suffering a fall when they exited the bus. Id. ¶ 17.

## III.  LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631, n.3 (9th Cir. 1987). When deciding a motion for

---

³   Plaintiff objected to this fact, on multiple grounds including "lack of foundation," "lack of personal knowledge," "legal conclusion," and "improper opinion." Dkt. 49. The Court **OVERRULES** the objection because Dailey's declaration, which supports the fact, expressly states that she relies on her personal knowledge, based on her nearly 20 years of experience working as the School Program coordinator. Dailey Decl. ¶ 1. Plaintiff has failed to present any evidence controverting this fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

Plaintiff claims that defendant is liable under a negligence theory because defendant failed to maintain its parking lot to ensure that it was "even and free of hazards," because defendant directed plaintiff's bus to park where there was an "unreasonable and/or dangerous condition," and because defendant failed to warn plaintiff that the parking lot was uneven and contained dangerous hazards. SAC ¶¶ 9–10. Defendant argues that summary judgment should be granted in its favor because it owed plaintiff no legal duty. More specifically, defendant argues that plaintiff's claim is barred by California Civil Code § 846 ("§ 846"), which broadly immunizes landowners from premises liability if someone enters their land for a recreational use. Mot. at 5–7. Defendant also argues that it had no duty to warn plaintiff because it lacked knowledge of the hole. Id. at 10.[4]

### A.   Applicability of California Civil Code § 846

To bring a claim for negligence, plaintiff must establish defendant's legal duty to use due care; defendant's breach of that duty; and that defendant's breach was the proximate or legal cause of the resulting injury. 6 Witkin, Summary of Cal. Law Torts § 961 (11th ed. 2018). Absent a statutory exception, "[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary

---

[4]   Defendant also initially argued that it was further entitled to summary judgment because plaintiff's claim was barred by California's primary assumption of risk doctrine. Mot. at 9–10. However, in its reply, defendant concedes that the doctrine likely does not apply in this case, as plaintiff sustained an injury before she began hiking. Reply at 1 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

care or skill in the management of his or her property or person." Wang v. Nibbelink, 4 Cal. App. 5th 1, 11 (Ct. App. 2016) (citing Ornelas v. Randolph, 4 Cal. 4th 1095, 1099 (1993)).

However, California Civil Code § 846 creates a statutory exception to premises liability. It provides that,

> An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on those premises to persons entering for a recreational purpose, except as provided in this section.

Cal. Civ. Code § 846(a) (West). Accordingly, "[b]y the plain meaning of the language in its first paragraph, Civil Code section 846 absolves California landowners of two separate and distinct duties: the duty to 'keep the premises safe' for recreational users, and the duty to warn such users of 'hazardous conditions, uses of, structures, or activities' on the premises." Klein v. United States of Am., 50 Cal. 4th 68, 78 (2010). Absent the applicability of express, limited exceptions, discussed below, under § 846 "[t]here are two elements as a precondition to immunity: (1) the defendant must be the owner of an estate or any other interest in real property, whether possessory or nonpossessory; and (2) the plaintiff's injury must result from the entry or use [of the premises] for any recreational purpose." Gordon v. Havasu Palms, Inc., 93 Cal. App. 4th 244, 255 (2001) (citing Ornelas, 4 Cal. 4th at 1100) (internal quotations omitted). Recreational purposes include, but are not limited to, "hiking," "picnicking," and "nature study." See Cal. Civ. Code § 846(b) (West); see also Mangiaracina v. BNSF Ry. Co., No. 16-CV-05270-JST, 2019 WL 1975461, at *5 (N.D. Cal. Mar. 7, 2019) (explaining that "the statute gives 'recreational purpose' a [] broad meaning, providing a non-exhaustive list").

Section 846 applies where an individual has entered a property for recreational purposes, but has not yet started engaging in the recreational activity. See Mattice By & Through Mattice v. U.S., Dep't of Interior ("Mattice"), 969 F.2d 818, 821 (9th Cir. 1992) ("Section 846 does not require that a plaintiff be engaged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

in a recreational activity at the time of the accident. The plain language states that a landowner 'owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose.'"); see also Bollinger by & through Bollinger v. United States, No. 16CV820-WQH-BLM, 2018 WL 1035181, at *5 (S.D. Cal. Feb. 23, 2018) (applying Section 846 where a plaintiff entered a property to watch a movie, even though he had not yet begun watching the movie when he was injured). In addition, the statute does not distinguish between "active participants" and "passive spectators"—or those who enter a property merely to accompany or watch others who are engaged in recreational activity. Ornelas, 4 Cal. 4th at 1102 ("We discern no meaningful distinction, for purposes of section 846, between the passive spectator and the active participant. Both take advantage of the recreational opportunities offered by the property; neither, therefore, may be heard to complain when injury results therefrom."). Finally, in California, pursuant to the Federal Torts Claims Act, § 846 applies to the United States in the same manner as it would apply to a private individual. Spence v. United States, 629 F. Supp. 2d 1068, 1084 (E.D. Cal. 2009), aff'd, 374 F. App'x 717 (9th Cir. 2010); see also Mattice v. United States, 752 F. Supp. 905, 909 (N.D. Cal. 1990), aff'd sub nom. Mattice, 969 F.2d 818 (9th Cir. 1992).

This case plainly triggers § 846 because it is undisputed that plaintiff entered the Angeles National Forest and the Grassy Hollow Visitor Center to participate in recreational activities, SUF ¶ 20, and the fact that plaintiff was injured when exiting the bus, as opposed to when she began hiking, is immaterial. See Mattice, 969 F.2d at 821 (citing Cal. Civ. Code § 846(a)). While plaintiff argues that the "underlying purpose of one's trip onto defendant's property should not be used to shield defendant from liability," opp'n at 8, that argument is expressly contrary to the terms of § 846, which provides that a visitor's "recreational purpose" is the key determinant of § 846 immunity, Cal. Civ. Code § 846(a) (West).

Plaintiff's argument that the jury should determine whether plaintiff entered defendant's property for a recreational purpose is also unavailing. See Opp'n at 7. Plaintiff relies on Gerkin v. Santa Clara Valley Water Dist., 95 Cal. App. 3d 1022, 1027 (Ct. App. 1979), disapproved of on other grounds by Delta Farms Reclamation Dist. v. Superior Court, 33 Cal. 3d 699 (1983)), for this argument. In Gerkin, the parties disputed whether the plaintiff was "hiking" on defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

property, or merely "walking" in order to access a nearby market. Gerkin, 95 Cal. App. 3d at 1026. The California Court of Appeal found that this dispute constituted a triable issue of fact for the jury to decide. In Smith v. Scrap Disposal Corp., 96 Cal. App. 3d 525 (1979), another case that plaintiff cites, there was also a factual question as to why plaintiff entered defendant's property—whether for recreational use or not—which was why the court reversed the trial court's grant of summary judgment. Id. at 529.

Here, in contrast, plaintiff testified that she knew that she was chaperoning the field trip and that the students would engage in hiking, nature contact, and picnicking—all activities which are expressly contemplated by § 836. Aside from these recreational purposes, plaintiff has not presented any other purpose for her trip. Accordingly, because there is no triable issue of fact as to why plaintiff entered defendant's property, the Court can find, as a matter of law, that plaintiff entered defendant's property for a recreational purpose. See Acosta v. Los Angeles Unified Sch. Dist., 31 Cal. App. 4th 471, 475–76 (1995) ("In some cases the question whether the plaintiff was engaged in a 'recreational' activity may be a question of fact for the jury. But where, as here, the facts are undisputed, the question whether plaintiff was engaged in a '[]recreational activity' is a question of law for the court.").

"Section 846 does not merely eliminate a damage remedy for certain types of negligent conduct by a landowner. The wording of section 846 's first paragraph, providing that a landowner 'owes no duty of care' to persons using the land for recreation, either to maintain safe premises or to warn of hazards, does indeed 'negate the tort,' because the existence of a duty owed to the injured person is an essential element of the negligence tort." Klein, 50 Cal. 4th at 78. Therefore, in light of the Court's finding that plaintiff entered defendant's property for a recreational purpose, and absent the applicability of one of the three enumerated exceptions to the statute (discussed below), defendant had no duty to conduct regular inspections, nor to "take affirmative actions for the protection of individuals coming upon the land," as plaintiff argues. Opp'n at 10. Similarly, defendant was not required to warn plaintiff of hazardous conditions unless, as discussed below, the failure to warn plaintiff was "willful or malicious." Klein, 50 Cal. 4th at 78. To the contrary, "[b]y granting permission to enter for recreational

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

use a property owner does not extend any assurance that the premises are safe for recreational use," nor is the property owner required to ascertain the recreational user's safety. Id. at 78–79.

### B. Whether Any Exceptions to § 846 Apply in this Case

There are three statutory exceptions to § 846's grant of immunity: "(1) [that] the landowner willfully or maliciously fails to guard or warn against a dangerous condition, use, structure or activity; (2) [that] permission to enter for a recreational purpose is granted for a consideration; or (3) [that] the landowner expressly invites rather than merely permits the user to come upon the premises." Ornelas, 4 Cal. 4th at 1099–1100. In addition, the California Supreme Court has recently ruled that § 846 does not shield a landowner from liability resulting from vehicular negligence by the landowner or the landowner's employee, when acting within the scope of his employment. Klein, 50 Cal. 4th at 72; see also 6 Witkin, Summary of Cal. Law Torts § 1245 (11 ed. 2019). In her briefing, plaintiff does not expressly argue that an exception to § 846 applies in this case, and plaintiff's counsel did not appear at the hearing on this motion. However, the Court considers each exception in turn.

First, plaintiff concedes that she did not pay to enter defendant's property, and that defendant did not expressly invite plaintiff to enter. SUF ¶¶ 12–14, 21. Accordingly, the second and third exceptions do not apply in this case. In addition, while plaintiff was allegedly injured while disembarking the bus, this is not an instance in which plaintiff alleges that defendant or defendant's employee or volunteer engaged in vehicular negligence. Importantly, for the purposes of Section 846, the California Supreme Court limited "vehicular negligence" to "driving a motor vehicle, as opposed to other forms of negligence involving a vehicle, such as leaving the vehicle parked in an unsafe location or in an unsafe condition." Klein, 50 Cal. 4th at 73 n.4.[5]

---

[5] The Court notes that in Mangiaracina v. BNSF Ry. Co., No. 16-CV-05270-JST, 2019 WL 1975461 (N.D. Cal. Mar. 7, 2019), the court extended the Klein exception to a claim that a defendant negligently operated a train on its property, which allegedly injured the plaintiff, who had entered the property for recreational

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

Finally, under § 846, liability attaches if "the landowner *willfully* or *maliciously* fails to guard or warn against a dangerous condition, use, structure or activity." Cal. Civ. Code § 846(c) (West) (emphasis added). "Under California law, willful misconduct is 'any intentional act of an unreasonable character undertaken in disregard of a known risk or a risk so obvious that the actor must be taken to have been aware of it, and so great as to make the harm highly probable.'" Cleveland v. United States, 546 F. Supp. 2d 732, 770 (N.D. Cal. 2008) (quoting Spires v. United States, 805 F.2d 832, 834 (9th Cir. 1986)). Importantly, a court cannot presume willful or malicious conduct. Rather, "[t]he plaintiffs bear the burden of 'specify[ing] the particular acts upon which the willful misconduct of the person is charged.'" Cleveland, 546 F. Supp. 2d at 770 (quoting Charpentier v. Von Geldern, 191 Cal. App. 3d 101, 114 (1987)). "To establish willful misconduct under California law, a plaintiff must show that the defendant: (1) had actual or constructive knowledge of the peril; (2) had actual or constructive knowledge that injury was probable, as opposed to possible; and (3) consciously failed to act to avoid the danger." Mattice, 969 F.2d at 822. "[C]onstructive knowledge is measured by an objective standard: 'whether a reasonable man under the same or similar circumstances as those faced by the actor would be aware of the dangerous character of his conduct.'" Spence, 629 F. Supp. 2d at 1086 (quoting Termini v. United States, 963 F.2d 1264, 1268 (9th Cir. 1992)).

Plaintiff alleges that defendant was negligent in "failing to warn passengers from the bus . . . that the unreasonable and/or dangerous" hole was present, SAC ¶ 10, but plaintiff does not allege that defendant acted willfully or maliciously. More to the point, plaintiff fails to produce any evidence that defendant acted willfully or maliciously. First, while the Ninth Circuit has indicated that an absence of prior accidents is not dispositive that a defendant lacked notice, see Robertson v. United States, No. 13-CV-2425-GPC(RBB), 2015 WL 12532461, at *11 (S.D. Cal. June 3, 2015), here, nothing in the record supports

---

purposes. Id. at 18. The Mangiaracina court thus concluded that § 846 did not provide immunity. In this case, where plaintiff's claim arises out of defendant's allegedly negligent maintenance of its premises, and defendant's failure to warn plaintiff of an allegedly dangerous property condition, the Court finds that Klein does not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

a conclusion that defendant knew, or should have known, of the hole on which defendant tripped. Indeed, the only evidence in the record indicates that volunteers were "not aware of any holes, cracks, or other conditions" which would render disembarking a bus hazardous. SUF ¶ 16. No one who exited the bus before plaintiff stepped into a hole, or fell. Id. ¶ 25. More generally, there are no records of *any* School Program participant suffering a fall when he or she disembarked from a bus. Id. ¶ 17. Finally, plaintiff herself reported that the hole was small, roughly two-to-three inches in diameter. Priest Depo. I at 32:07–32:23.

Dailey, the School Program coordinator, testified that she and other volunteers generally "eyeball[ed] decks, sidewalks," and other areas to maintain safety. SDF ¶ 111. However, this also does not support a conclusion that defendant had constructive notice of the hole because a general recognition that some dangers may exist does not evidence the specific notice required for this exception. See Spires, 805 F.2d at 834 (holding that a plaintiff, who fell into a ditch caused by flow from a storm sewer, failed to demonstrate notice because showing that the government employees knew of "the infrequent, unpredictable occurrence of ditches" was insufficient); see also Mattice, 969 F.2d at 823 (affirming Spires and holding that nine accidents on the road where plaintiff was injured did "not establish that the government should have known that the curve by the overlook was dangerous"). Accordingly, viewing the evidence in the light most favorable to plaintiff, the Court can only conclude that the government did not possess actual or constructive notice of the alleged peril at issue. See Spence, 629 F. Supp. 2d at 1086–87 (concluding that a plaintiff, who fell from her bike after hitting a gap in a bridge, failed to demonstrate willful or malicious misconduct because "no facts . . . hint[ed] that a tire falling into the gap was probable given the gaps' narrow width and absence of prior cycling incidents at [the] Bridge"); Coryell v. United States, 855 F. Supp. 1120, 1123 (C.D. Cal. 1994) (finding that a plaintiff, who slipped between two metal ramps placed for the public to walk on at a Naval Air Station, failed to demonstrate willful misconduct because the "peril [] was open and obvious" and because there had been no prior accidents).

In sum, the Court thus concludes that none of the exceptions to § 846 apply in this case. Plaintiff was not expressly invited to defendant's property, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 5:16-cv-01528-CAS (SPx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | TRACI J. PRIEST V. UNITED STATES OF AMERICA | | |

did not give consideration to enter the property, and plaintiff has failed to produce evidence that creates a triable issue of fact as to whether defendant willfully or maliciously failed to warn plaintiff of the peril at issue. Accordingly, the Court concludes, as a matter of law, that under California Civil Code § 846, defendant owed no duty to plaintiff. Summary judgment is therefore **GRANTED** in favor of defendant.

**V.  CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendant's motion for summary judgment.

IT IS SO ORDERED.

00 : 01
Initials of Preparer     CMJ